IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RANDELL D. THOMAS,

        Petitioner,

   v.                                      ORDER
                                                    07-cv-562-jcs
                                                    03-cr-158-jcs

UNITED STATES OF AMERICA,

        Respondent.
_____

     Petitioner Randell D. Thomas moves to vacate his sentence pursuant to 28 U.S.C. §2225. Petitioner contends that his trial counsel was ineffective. This motion is fully briefed and is ready for decision.

     Petitioner asks the Court to hold an evidentiary hearing. This motion will be denied as a hearing is not necessary to resolve petitioner's claims. United States v. Kovic, 840 F.2d 680, 682 (7th Cir. 1987).

                                         FACTS

     On November 4, 2003 a one count criminal complaint was filed charging Randell D. Thomas with unlawful possession of ammunition as a convicted felon in violation of 18 U.S.C. §922(g)(1). A preliminary hearing was held on November 7, 2003 and the Court determined there was probable cause to believe Thomas had committed

the charged crime. On November 20, 2003 a federal grand jury sitting in Madison, Wisconsin, returned a one-count indictment that was identical to the criminal complaint. Petitioner was arraigned on the indictment on November 21, 2003.

On February 9, 2004 petitioner proceeded to trial on the one count indictment. Attorney Jeff Nichols was petitioner's trial counsel. At trial there was testimony by Enjoli McCalister, petitioner's girlfriend, that in the early morning of October 10, 2003 in Beloit, Wisconsin, petitioner fired a gun. A 911 call tape was played in which the caller stated that she had seen a gun. The caller was later identified and questioned by police. She told police she did not remember seeing a gun or telling the 911 dispatcher that she had seen one.

Travis Ryan testified at trial that petitioner had admitted while they were inmates at the Dane County jail that he had possessed and fired a .380 caliber gun the night of the shooting. There was also expert testimony that the shells found at the scene of the crime were made by Companhia Brasileira Cartuchos and imported to the United States by Magtech, a company ion Centerville, Minnesota.

Petitioner testified in his defense. He denied possessing a gun or ammunition the night of the shooting. He further denied making any admission to Travis Ryan. The prosecutor attacked petitioner's testimony and credibility on cross-examination.

2

Petitioner admitted to having repeatedly lied to police officers during prior arrests.

On February 10, 2004 after a little more than three hours of deliberation the jury returned a verdict of guilty. A presentence investigation report was prepared which indicated that with plaintiff's offense level and criminal history category his sentencing guideline range was 151-188 months. The statutory maximum for a violation of §922(g)(1) is 120 months.

On April 20, 2004 the Court sentenced petitioner to 120 months in prison followed by a three year term of supervised release. Petitioner appealed his judgment of conviction. On July 27, 2006 the United States Court of Appeals affirmed petitioner's judgment of conviction in a published opinion. Petitioner had 90 days to file a petition for certiorari with the Supreme Court which meant his one year for filing a motion under 28 U.S.C. §2255 began to run on October 7, 2006.

Petitioner's motion under 28 U.S.C. § 2255 which he filed on October 4, 2007 was timely.

MEMORANDUM

Petitioner claims that his trial counsel was ineffective because he failed to raise actual innocence at trial; failed to properly prepare for trial; failed to object to the illegal sentence imposed and failed to object when the indictment was "broadened" at trial.

3

Three types of issues cannot be raised in a 28 U.S.C. § 2255 motion: issues that were raised on direct appeal, absent a showing of changed circumstances; non-constitutional issues that could have been raised but were not raised on direct appeal and constitutional issues that were not raised on direct appeal, unless petitioner demonstrates cause for procedural default as well as actual prejudice from the failure to appeal. Prewitt v. United States, 83 F.3d 813, 816 (7th Cir. 1996). Issues raised and decided on direct appeal may not be raised again in a 28 U.S.C. § 2255 motion pursuant to the "law of the case". See Daniels v. United States, 26 F.3d 706, 711-12 (7th Cir. 1994).

The Court will address petitioner's ineffective assistance of counsel claim. To demonstrate ineffective assistance of counsel, petitioner must show that his counsel's representation fell below an objective standard of reasonableness and the deficient performance so prejudiced his defense that it deprived him of a fair trial. Strickland v. Washington, 466 U.S. 668, 688-94 (1984). Petitioner must show that his trial counsel's actions were not supported by a reasonable strategy and that the error was prejudicial. United States v. Cooper, 378 F.3d 638, 640-41 (7th Cir. 2004).

Petitioner claims that his counsel was ineffective because he failed to raise actual innocence at trial. To prevail on this claim petitioner must demonstrate that in light of all the evidence

4

it is more likely that not that no reasonable juror would have convicted him. Schlup v. Delo, 513 U.S. 298 (1995). When Attorney Nichols called petitioner as a witness at trial, he testified that he was innocent of the charge. Petitioner's counsel argued in his closing argument that petitioner was not guilty. The jury disagreed.

Based on the evidence presented at trial petitioner has not shown that it is more likely than not that no reasonable juror would have convicted him. Accordingly, his 28 U.S.C. §2255 motion on this ineffective assistance of counsel claim must be denied.

Petitioner also claims that his counsel was ineffective for failing to prepare for trial. In Hardamon v. United States, 319F.3d 943, 951 (7th Cir. 2003) the Court states, "... a petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information that is, a comprehensive showing of what an investigation would have produced." In this case petitioner has provided no evidence that a further investigation would have aided his defense. Accordingly, his 28 U.S.C. §2255 motion on this ineffective assistance of counsel claim must be denied.

Petitioner contends that his counsel was ineffective because he did not object to his illegal sentence. Petitioner has not shown that his sentence was illegal. Accordingly, his counsel was

5

not ineffective for failing to object to it.  Petitioner's 28 U.S.C. § 2255 motion will be denied on this ineffective assistance of counsel claim.

Finally, Petitioner contends that his counsel failed to object to evidence admitted at trial which "broadened" the scope of the indictment.  The specific testimony that petitioner believes should not have been admitted was the tape of the 911 call and testimony relating to the actual shooting.  This evidence was properly admitted because it was "intricately related" to the crime charged, possession of ammunition.  Attorney Nichol did object to the admission of the 911 call but it was admitted.  The admission of the 911 call was affirmed on appeal.  Petitioner's counsel was not ineffective because this evidence was admitted.  Accordingly, petitioner's motion under 28 U.S.C. §2255 motion on this ineffective assistance of counsel claim will be denied.

The government construes petitioner's 28 U.S.C. §2255 motion as raising a constitutional claim of insufficiency of the evidence to support his conviction.  He is procedurally defaulted from raising this claim because he did not raise it on direct appeal and has not shown cause for procedural default or actual prejudice. <u>Prewitt v. United States</u>, 83 F.3d at 816.

Petitioner's 28 U.S.C. § 2255 motion will be denied. Petitioner is advised that in any future proceeding in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his motion under 28 U.S.C.

§ 2255 must be denied.  See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

ORDER

IT IS ORDERED that petitioner's request for an evidentiary hearing is DENIED.

IT IS FURTHER ORDERED that petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 is DENIED.

Entered this 18th day of December, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge